UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 7648 |
| v. ) | |
| ) | Judge John W. Darrah |
| RELIANCE STANDARD ) | |
| LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Haines, brought suit under ERISA, alleging that Defendant, Reliance Standard Life Insurance Company, owed him disability income benefits under an employee welfare benefit plan ("the Plan") pursuant to a policy of group long-term disability insurance ("the Policy") underwritten by Defendant. Before the Court is Defendant's motion to quash Plaintiff's subpoena of Dr. E. Franklin Livingston, the independent medical consultant who reviewed Plaintiff's medical records during Defendant's review of Plaintiff's claim, and to limit discovery to the administrative record.

## ANALYSIS

Defendant argues that under the "arbitrary and capricious" standard of review, discovery should not extend beyond those materials considered by the plan administrators in reaching their decision. Plaintiff responds (1) that the correct standard of review is *de novo*, not arbitrary and capricious, and that therefore discovery should extend beyond the administrative record, and (2) that even under the stricter arbitrary and capricious standard, the deposition should be

allowed because it is relevant to Plaintiff's claim of Defendant's conflict of interest, a recognized exception to the general rule limiting discovery to the administrative record.

When a plan "clearly and unequivocally state[s] that it grants discretionary authority to the administrator," the standard of review is arbitrary and capricious, rather than *de novo*. *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 810 (7th Cir. 2006) (*Semien*) (quoting *Perugini-Christen v. Homestead Mortgage Co.*, 287 F.3d 624, 626 (7th Cir. 2002)). The parties agree the plan at issue here ("the Plan") contains such a grant of authority. However, Plaintiff argues that that grant of discretionary authority is void because Illinois law, the law under which the plan is governed, prohibits such clauses. Illinois law provides:

> No policy, contract, certificate, endorsement, rider application or agreement *offered or issued* in this State, by a health carrier, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

50 Ill. Admin. Code § 2001.3 (emphasis added). Therefore, Plaintiff argues, because the Plan does not contain a valid grant of discretionary authority to the administrator, the proper review is *de novo*.

Defendant counters that § 2001, which became effective July 1, 2005, does not apply retroactively, *see Marszalek v. Marszalek & Marszalek Plan*, 485 F. Supp. 2d 935, 938 (N.D. Ill. 2007) (*Marszalek*), and therefore cannot apply to the Policy, which was originally issued in 2003. Plaintiff responds that each renewal of an insurance contract represents a separate and distinct contract; therefore, because it has been renewed since July 1, 2005, the Policy would be covered by § 2001. Plaintiff cites *Bake v. Life Ins. Co. of North America*, No. 07 C 6600 (N.D. Ill.

2

April 4, 2008) (*Bake*), in which a court in this district applied § 2001 to a policy issued prior to July 1, 2005, but renewed subsequent to that date.

Defendant points out that the Policy itself states that its effective date is October 1, 2003, and that the Policy "stays in effect" as long as the premium is paid. Defendant also notes that § 2001 applies specifically only to policies that are "offered or issued," not to policies that are renewed. Defendant points to other provisions of Illinois law that explicitly refer to renewal of insurance contracts. *See, e.g.*, 50 Ill. Admin. Code 921.30 ("no automobile insurance policy issued or renewed in this State shall contain . . ."); 50 Ill. Adm. Code 2009.10 ("This Part shall apply to all group accident and health insurance policies . . . which are issued, delivered, amended or renewed in this State on or after the effective date of this Part."). To the contrary here, § 2001 refers only to policies that are offered or issued. The plain meaning of the section does not apply to policies that are merely renewed. *See Marszalek*, 485 F. Supp. 2d at 938-39 (holding that § 2001 did not apply to a policy issued and effective before July 1, 2005).

Because § 2001 does not apply to the Policy, it is unnecessary to decide whether, as Defendant argues, § 2001 is preempted by ERISA.

Plaintiff next argues that even under the arbitrary and capricious standard, Dr. Livingston's deposition is relevant to Defendant's conflict of interest. In *Semien*, the Seventh Circuit explained that in "exceptional cases," "limited discovery" should be allowed to explore whether plan administrators acted arbitrarily or a conflict of interest contributed to a denial of benefits. *Semien*, 436 F.3d at 814-15. For such discovery to be appropriate, a claimant must first (1) "identify a specific conflict of interest or instance of misconduct" and (2) "make a *prima facie*

showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Id.* at 815.

Plaintiff, however, questions the continued validity of the *Semien* discovery standard in light of the Supreme Court's decision in *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343 (2008) (*Glenn*). In *Glenn* the Court held that there is an inherent conflict of interest present when a plan administrator both evaluates claims for benefits and pays benefits claims. *Glenn*, 128 S. Ct. at 2348. The *Glenn* decision reaffirmed the Court's previous holding in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), that a reviewing court should consider a conflict of interest as a factor in determining whether there had been an abuse of discretion. *Glenn*, 128 S.Ct. at 2351. In *Glenn*, the Court did not directly address the proper method for determining the appropriate scope of discovery regarding the claimed conflict of interest. However, in a passage cited here by both sides in favor of their respective positions, the Court stated: "Neither do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Glenn*, 128 S.Ct. at 2351.

While some courts have continued to follow the *Semien* test in the wake of *Glenn*, *see Marszalek v. Marszalek & Marszalek Plan*, 2008 WL 4006765, at *2 (N.D. Ill. Aug 26, 2008); *Garvey v. Piper Rudnick LLP Long Term Disability Ins. Plan*, 264 F.R.D. 394, 399-400 (N.D. Ill. 2009), *vacated on other grounds*, 264 F.R.D. 394, 2009 WL 3260010 (N.D. Ill. Dec. 8, 2009), most courts have read *Glenn* to call into question the viability of *Semien*. *See, e.g. Barker v. Life Ins. Co. of North America*, 265 F.R.D. 389, 394 (S.D. Ind. 2009) (*Barker*) (following cases that "concluded that *Glenn* abrogated the *Semien* standard requiring a

4

claimant to make an exceptional showing before she can obtain discovery"); *Gessling v. Group Long Term Disability Plan for Employees of Sprint*, 2008 WL 5070434, at *1 (S.D. Ind. Nov. 26, 2008) (*Gessling*) (*Semien* and other "opinions of the Seventh Circuit that made discovery in such cases nearly impossible to obtain . . . appear to be superceded."); *Baxter v. Sun Life Assur. Co. of Canada*, 2010 WL 2011633, at *4-6 (N.D. Ill. May 20, 2010) (*Baxter*) (*Glenn* requires a court to permit some discovery into whether the conflict motivated the administrator's decision).

The *Semien* test must now be read in light of *Glenn*. As an initial matter, the first prong of the *Semien* test is whether there is "a specific conflict of interest or instance of misconduct." *Semien*, 436 F.3d at 815. But under *Glenn*, where the plan administrator both evaluates and pays benefits claims, that conflict now exists as a matter of law. Furthermore, *Glenn* calls upon a reviewing court to evaluate the conflict of interest to determine its importance in the case before the court. *Glenn*, 128 S.Ct. at 2351. Often, that determination cannot be accomplished without some discovery. *See Barker*, 265 F.R.D. at 395; *Gessling*, 2008 WL 5070434, at *1; *Baxter*, 2010 WL 2011633, at *5-6. Finally, *Glenn*'s statement disfavoring "special procedural or evidentiary rules" would seem to apply to the *Semien* test. *See Hughes v. CUNA Mut. Group*, 257 F.R.D. 176, 179 (S.D. Ind. 2009) (concluding that the *Semien* test is incompatible with *Glenn*'s rejection of special procedural rules).

To this end, the same courts that have held that *Glenn* abrogated *Semien* have also continued to heed *Semien*'s instruction that discovery should be limited, even when a conflict is identified. *See, e.g., Baxter*, 2010 WL 2011633, at *6 (limiting scope of requested deposition to the issue of "the structural conflict of interest and its effects").

Here, Plaintiff seeks to depose Dr. Livingston, the independent medical consultant who reviewed Plaintiff's medical records. Plaintiff argues that Defendant has a history of employing biased medical claims examiners. Plaintiff cites two cases from different districts, *Gunn v. Reliance Standard*, 592, F.Supp.2d 1251 (C.D. Cal. 2008) (*Gunn*), and *Conrad v. Reliance Standard*, 292 F.Supp.2d 233 (D.Mass. 2003) (*Conrad*), in which Defendant was criticized for using a biased claims examiner. In *Conrad*, the court found that Defendant's denial of a claim was arbitrary and capricious because Defendant had improperly relied on a report by a medical examiner that "betray[ed] a palpable bias in favor of rejecting the claim." *Conrad*, 292 F.Supp.2d 237-38. In *Gunn*, the court faulted Defendant for continuing to retain the services of the same doctor that the *Conrad* court had found to be biased. *Conrad*, 592 F.Supp.2d at 1261-63.

However, Plaintiff has not identified any specific conflict of interest or instance of misconduct related to Dr. Livingston or his report. Nor has Plaintiff shown good cause to believe that Dr. Livingston's deposition will shed light on the structural conflict of interest of evaluator/payor identified in *Glenn*. Dr. Livingston is not an employee of Defendant, nor did Defendant even directly refer Plaintiff's claim to Dr. Livingston. Rather, Defendant referred the claim to an independent body, the University Disability Consortium, which then selected Dr. Livingston to review Plaintiff's claim.

Therefore, Defendant's motion is denied to the extent that it seeks to foreclose all discovery outside the administrative record. It cannot now be said that Plaintiff cannot, in the future, identify information outside the administrative record that is relevant to the conflict of interest set out in *Glenn*. However, because Plaintiff has not shown here that deposing

Dr. Livingston would lead to the discovery of any such information, Defendant's motion is granted to the extent it seeks to quash that deposition.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted in part and denied in part. The subpoena for the deposition of Dr. Livingston is hereby quashed. However, Defendant's motion is denied to the extent it seeks to bar any further discovery beyond the administrative record upon a proper showing consistent with this opinion.

Dated: June 23, 2010

JOHN W. DARRAH
United States District Court Judge